FILED
SUPERIOR COURT
OF GUAM

2019 NOV -4 PM 4: 54

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, <br><br> vs. <br><br> JOHN TOMMY and <br> HONORIA TOMMY aka Tommy Honoria, <br><br> Defendants. | CRIMINAL CASE NO. CF0314-18 |
| THE PEOPLE OF GUAM, <br><br> vs. <br><br> YWO JR. MOSES aka Two Junior aka Junior, <br><br> Defendant. | CRIMINAL CASE NO. CF0314-18-01 <br><br> **DECISION AND ORDER** |

**INTRODUCTION**

This matter came before the Honorable Vernon P. Perez on August 6, 2019, for hearing on Defendant John Tommy's Motion for Reconsideration in CF0314-18. Defendant was present with counsel, Attorney William B. Pole, and Assistant Attorney General Matthew A. Phelps was present on behalf of the People of Guam ("the Government"). Co-defendant Honoria Tommy aka Tommy Honoria was present with counsel, Assistant Alternate Public Defender Lisa Lorig who orally moved to join the Motion for Reconsideration. Severed co-defendant Ywo Jr. Moses aka Two Junior aka Junior was also present with counsel, Assistant

*People v. Tommy, Tommy, & Moses*
Case No. CF0314-18 & CF0314-18-01
Decision and Order

Public Defender Alisha Molyneux who joined in the Motion for Reconsideration on July 15, 2019 in CF0314-18-01. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order GRANTING Defendant's Motion for Reconsideration.

## BACKGROUND

On May 21, 2018 a Magistrate's Complaint was filed against all three defendants alleging various counts of criminal sexual conduct occurring in 2014 and in 2018. *See* Magistrate's Compl., May 21, 2018. The Magistrate Judge released all three defendants with conditions on May 21, 2018. *See* Order of Conditional Release and Appearance Bond for Honoria Tommy, May 21, 2018; Order of Conditional Release and Appearance Bond for Ywo Jr. Moses, May 21, 2018; and Order of Conditional Release and Appearance Bond for John Tommy, May 21, 2018.

On May 31, 2018, the defendants were each indicted with felony criminal sexual assault charges. *See* Indictment, May 31, 2018. Defendant Tommy was indicted with the charge of Third Degree Criminal Sexual Conduct (As a Second Degree Felony). *Id.* Defendant Moses was indicted with the charges of: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony) – 5 Counts, with Special Allegation – Possession or Use of a Deadly Weapon in the Commission of a Felony for Count 5; (2) Second Degree Criminal Sexual Conduct (As a First Degree Felony) – 2 Counts; (3) Terrorizing (As a Third Degree Felony), with Special Allegation – Possession or Use of a Deadly Weapon in the Commission of a Felony; and (4) Family Violence (As a Misdemeanor) – 3 Counts. *Id.* Defendant Honoria was indicted with the charges of: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony); (2) Third Degree Criminal Sexual Conduct (As a Second Degree Felony) – 2 Counts; (3) Child Abuse (As a Third Degree Felony) – 2 Counts; and (4) Family Violence (As a Third Degree Felony) – 2 Counts. *Id.*

At the Return of the Grand Jury, the prosecutor present on behalf of the Government requested that the Ex Parte Judge issue Warrants of Arrest for all three defendants pursuant to 8 G.C.A. § 15.40. The defendants were subsequently arrested and remanded on the warrants by

the assigned judge until June 12, 2018.[1] *See* Return of Warrant: Service, Jun. 1, 2018; Commitment Order, Jun. 1, 2018. On June 12, 2018 at the Return of Warrant, the court calendared an Arraignment for the defendants for June 13, 2018. The warrants were vacated, but all three defendants remained confined. The defendants were subsequently released from confinement on their original release conditions on June 19, 2018.

On June 15, 2018, Defendant John Tommy filed a Motion to Dismiss, moving the Court to dismiss the instant matter because he was not brought before a Magistrate Judge within forty-eight hours of his arrest on May 31, 2018, pursuant to 8 G.C.A. § 45.10. After further briefing and oral arguments, the Court issued a Decision and Order on August 7, 2018, denying the Motion to Dismiss, finding that the determination of probable cause as a perquisite to detention was established through the grand jury's return of the indictment, rendering section 45.10 inapplicable. The Decision and Order, however, noted that a Motion for Reconsideration may be forthcoming based on the outcome of a Superior Court of Guam Criminal Case on appeal at the time. (Dec. & Order at 5, fn. 5, Aug. 7, 2018).

On December 12, 2018, the Court severed co-defendant Ywo Jr. Moses from CF0314-18, creating CF0314-18-01. *See* Order for Severance, Dec. 12, 2018.

On July 9, 2019, Defendant John Tommy filed a Motion for Reconsideration based on the Supreme Court of Guam's recent decision in *People v. Bryan*, 2019 Guam 8. On July 24, 2019, the Government filed its Response, and on July 29, 2019, Defendant John Tommy filed his Reply. Defendant Ywo Jr. Moses filed a joinder in the Motion for Reconsideration in CF0314-18 and Defendant Honoria Tommy orally joined the Motion at the Motion Hearing. *See* Joinder in CF0314-18 Mot. Reconsider (CF0314-18-01), Jul. 15, 2019; Minute Entry, Aug. 6, 2019. Defendant Moses also filed a Reply to the People's Response on August 6, 2019 in CF0314-18-01. On September 19, 2019, Defendant Honoria Tommy filed a written joinder in CF0314-18.

---

[1] This matter was previously assigned to Judge Anita A. Sukola, but on June 12, 2018 was reassigned to the Family Violence Court docket based on the addition of the family violence charges in the Indictment.

## DISCUSSION

Defendant John Tommy moves the Court to reconsider its August 7, 2018 Decision and Order, denying Defendants' Motion to Dismiss, pursuant to *People v. Bryan*, 2019 Guam 8. *See generally*, Mot. Reconsideration, Jul. 9, 2019. The parties do not dispute the factual basis for the Motion, but dispute the applicability of *Bryan* to the instant case.

In *Bryan*, the defendant was not brought before a Magistrate Judge until 26 days after the 48 hours required under Guam law. *See* 2019 Guam 8. Although Bryan was hospitalized, the Supreme Court of Guam found that the Government must "show how the hospitalized arrestee's injuries or condition prevent safely transporting him to a first appearance or probable cause hearing, or arranging his appearance through other means" to justify a delay over 48 hours. 2019 Guam 8 ¶ 16. The Supreme Court further held that a subsequent indictment does not excuse the Government's failure to bring a criminal defendant before a judge within forty-eight hours of arrest. *Id.* at ¶¶ 27-34.

The Supreme Court clarified that "[w]hile the statute was enacted to ensure Guam's compliance with *Gerstein*, the statute's first appearance right provides more than just the probable cause determination required before a prolonged detention." *Id.* at ¶ 32 (internal citation omitted). "Besides providing an arrestee a probable cause determination, the first appearance serves as a safeguard to ensure that a defendant is informed of his rights," including informing the defendant of the complaint, his right to retain counsel or to request counsel if he is unable to afford counsel, and the general circumstances under which defendant may secure his pretrial release. *Id.* (internal citation omitted). *See also* 8 GCA § 45.30(a)-(b). "The statutory first appearance right is separate from the constitutional right to a prompt probable cause determination." *Bryan*, 2019 Guam 8 ¶ 33. "While both rights may be satisfied in a single judicial or magistrate's hearing, they are nonetheless distinct." *Id.* at fn. 2. "An indictment or any other interceding event does not relieve the People of this duty; as discussed, the only exception to this duty is if the People prove the existence of a bona fide emergency or an extraordinary circumstance, as required by 8 GCA § 45.10(c)." *Id.* at ¶ 33.

Unlike *Bryan*, the defendants in the instant matter were brought before a Magistrate Judge within forty-eight hours of their *initial* arrest on the Magistrate's Complaint filed May 21, 2018. Defendants were all released by the Magistrate Judge, however, at the Return of the Grand Jury, warrants of arrest were issued upon the prosecutor's request pursuant to 8 G.C.A. § 15.40. Upon the return of the Indictment warrants, which called on peace officers to arrest the defendants to answer to the charges contained in the Indictment, said defendants were not brought before a judge until twelve days after their arrest.[2] "While an indictment obtained outside the defendant's presence can provide a sufficient probable cause determination to support continued detention, it is no substitute for a detained defendant's first appearance where he or she is afforded the most basic forms of due process that exist in our justice system and informed of his or her fundamental rights." *Bryan*, 2019 Guam 8 ¶ 34. Therefore, although probable cause was established through the grand jury's return of the indictment, the defendants' were deprived of their statutory first appearance rights within forty-eight hours of their arrest on the indictment warrants pursuant to 8 GCA § 45.10. *See* 8 G.C.A. § 15.80(a) ("The officer executing a warrant shall make a return thereof to the court before whom the defendant is brought pursuant to § 45.10."). No bona fide emergency or an extraordinary circumstance existed to justify the unreasonable delay. Further, the possible remedy of suppression of evidence obtained during the unlawful detention, if any exists, is unavailable, as no evidence was obtained during the defendants' detention. *See Bryan*, 2019 Guam 8 ¶¶ 39-41. Accordingly, the Court has no other alternative but to dismiss this matter. Although Defendants move the Court for dismissal with prejudice, the Court, in considering the seriousness of the offenses charged, the fact that the defendants were held for less than half of the amount of time

---

[2] The warrants were issued under 8 G.C.A. § 15.40(b). Pursuant to 8 G.C.A. § 15.50, the Ex Parte Judge may "set conditions upon which the defendant may be released pending his first appearance and endorse such on the warrant." Here the Warrants of Arrest affixed a $5,000 cash bail. The Commitment Orders for each defendant, however, remanded the defendants to DOC's custody solely on the warrants, without indicating whether they could be released with the posting of bail. *See* Commitment Order for Honoria Tommy, Jun. 1, 2018; Commitment Order for John Tommy, Jun. 1, 2018; and Commitment Order for Ywo Jr. Moses, Jun. 1, 2018.

in *Bryan*, and the fact that the defendants were held after the return of the indictment, finds that dismissal of this matter should be without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS the Motion for Reconsideration. Both CF0314-18 and CF0314-18-01 are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this ___4th___ day of November, 2019.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

AG, PDSC, APD
w/ Pole
Date /1-04-19 Time 5pm

Deputy Clerk, Superior Court of Guam